11 FOGG, J.,
Dissenting.
I respectfully dissent. In sum, I find that the application of LSA-R.S. 11:558(A)(5) mandates that the plaintiffs’ base and supplemental benefits be calculated using the judicial salary in effect on the date each judge completes his term of office. This benefit is not limited by a judge’s participation in the DROP program. Therefore, the trial court erred in granting summary judgment in favor of LASERS and in denying summary judgment in favor of the plaintiffs.
DROP and LSA-R.S. 11:558(A)(5) are distinct retirement schemes. “Retired status” for purposes of DROP is not the same as “retirement” or “end of service” under LSA-R.S. 11:658(A)(5). When two conflicting statutes apply to the same situation, the one more specifically directed to the matter at issue must prevail as an exception to the more general statute. Yamaha Motor Corp. v. Bonfanti Indus., Inc., 589 So.2d 575 (La.App. 1 Cir.1991). Because Act 1063 specifically addresses the calculation of the base annual benefit for those judges who have agreed to relinquish their jobs and their right to seek reelection, its provisions prevail as a matter of law. Accordingly, the judges’ base annual retirement benefit must be calculat *705 ed by using the rate of their compensation on the last day they actually worked for the State of Louisiana, rather than the date they entered DROP.
Furthermore, the supplemental benefits provided under the statute compensate judges retiring under LSA-R.S. _Jjgl1:558(A) (5) (ii) for service in the legislature, service as a district attorney, or service in the armed forces, as follows:
As a supplemental benefit, a judge covered by R.S. 11:1351 through 1358 shall ’receive a sum equal to three and one-half percent of his annual judicial pay, as it exists on the date of his retirement, for each year, not to exceed four years, that he served in the armed forces of the United States, a sum equal to three and one-half percent of such pay for each year that he served as a member of the legislature of this state, and a sum equal to two and one-half percent of such pay for each year that he served in a prosecutorial capacity with an office of district attorney or any other political subdivision or agency of this state. As a supplemental benefit, a judge covered by the provisions of this Subpart shall receive a sum equal to what would otherwise be payable to him, as a retirement benefit by the Louisiana State Employees’ Retirement System, assuming he was otherwise eligible for retirement thereunder, disregarding any age and years of service requirements, on account of his service in the armed forces of the United States, his service as a member of the legislature of this state, and his service rendered in a pros-ecutorial capacity with an office of district attorney or any other political subdivision or agency of this state, provided credit and benefits relative thereto are established in accordance with the otherwise applicable laws concerning same governing the Louisiana State-Employees’ Retirement System. However, in no case shall the total of benefits paid to any judge exceed one hundred percent of his judicial pay, as it exists on the date of his retirement. (Emphasis added.)
I find that the language, “as it exists on the date of his retirement,” clearly and unambiguously extends to the retirees under LSA-R.S. 11:558 the benefit of having their supplemental benefits computed by using their annual judicial pay on the date of his retirement. The language, “in accordance with the otherwise applicable laws concerning same governing the Louisiana State Employees’ Retirement System,” simply requires the participants to comply with the additional laws concerning credits and benefits that are applicable in order to be eligible for supplemental benefits.